Filed 11/14/25  In re A.B. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re A.B. et al., Persons Coming Under the Juvenile Court Law. | B341924 (Los Angeles County Super. Ct. No. 19LJJP00058E–H) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>C.D.,<br><br>        Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Donald A. Buddle, Jr., Judge.  Affirmed.

Lauren K. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, Sarah Vesecky, Senior Deputy County Counsel, for Plaintiff and Respondent.

———————————

## I.     INTRODUCTION

C.D. (mother) appeals from the juvenile court's jurisdictional order as to her children A.B., C.Y., J.Y., Jr., and C.B., Jr.[1]  We affirm.

## II.     BACKGROUND

A.     *Petition*

On August 9, 2024, the Los Angeles County Department of Children and Family Services (the Department) filed a Welfare and Institutions Code section 300 petition with respect to then 14-year-old A.B., then nine-year-old C.Y., then six-year-old J.Y., Jr., and then 11-month-old C.B., Jr., that alleged the following counts:

a-1, b-1, and j-1:  "[M]other . . . and . . . mother's male companion, [C.B., Sr.], father of [the] child [C.B., Jr.], have a history of engaging in violent altercations in the children's home and in the presence of the child [C.B., Jr.]  On 07/10/2024, [C.B.,

---

[1]     None of the fathers of the children in this case is a party to this appeal.

Sr.] struck . . . mother's mouth with [his] fist, causing a bleeding laceration to . . . mother's lip. [C.B., Sr.] struck . . . mother's stomach with [his] fist and kicked . . . mother's right leg. [M]other grabbed [C.B., Sr.'s] neck, choked [him], struck [his] head with [her] fist, and kicked [him]. On 07/10/2024, [C.B., Sr.] was arrested for [s]pousal [a]ssault. On a prior occasion, [C.B., Sr.] head butted . . . mother. On a prior occasion, [C.B., Sr.] threw items and broke the TV in the home. On prior occasions, . . . mother and [C.B., Sr.] struck one another. On prior occasions, . . . mother and [C.B., Sr.] engaged in violent altercations. The children [A.B., C.Y., and J.Y., Jr.] and the children's [non-minor] sibling [A.B.II] . . . are prior dependents of the [j]uvenile [c]ourt due to . . . mother engaging in violent altercations. Such violent conduct by . . . mother and [C.B., Sr.] endanger[s] the children's physical health and safety, creates a detrimental home environment, and places the children at risk of serious physical harm, damage, and danger and failure to protect."

b-2: "[M]other's. . . male companion, [C.B., Sr.], father of [the] child [C.B., Jr.], has a history of substance abuse and is a current abuser of alcohol, methamphetamine, and cocaine, which renders [him] incapable of providing regular care and supervision of the children. On prior occasions, [C.B., Sr.] was under the influence of alcohol while the children were in [his] care and supervision. [C.B., Jr.] is of such a young age requiring constant care and supervision and [C.B., Sr.'s] substance abuse interferes with providing regular care and supervision of the child. [M]other knew of [C.B., Sr.'s] substance abuse and failed to protect the children in that . . . mother allowed [C.B., Sr.] to reside in the children's home and have unlimited access to the

3

children.  [C.B., Sr.'s] substance abuse and . . . mother's failure to protect the children, endangers the children's physical health and safety, creates a detrimental home environment, and places the children at risk of serious physical harm, damage, danger, and failure to protect."

b-3, j-2:  "On 07/10/2024, . . . mother . . . and . . . mother's male companion, [C.B., Sr.], father of [the] child [C.B., Jr.], placed the child [C.B., Jr.] in a detrimental and endangering situation in that [C.B., Sr.] drove a vehicle while under the influence of alcohol while the child was a passenger in the vehicle.  [M]other failed to protect the child in [that] mother was a passenger in [C.B., Sr.'s] vehicle and knew that [C.B., Sr.] was driving the child while under the influence of alcohol.  Such a detrimental and endangering situation established for the child by . . . mother and [C.B., Sr.] endangers the child's physical health and safety, creates a detrimental home environment, and places the child, and the child's siblings [A.B., C.Y., and J.Y., Jr.] at risk of serious physical harm, damage, and danger."

B.    *Department Reports*

In an August 22, 2024, detention report, the Department reported A.B.'s statement that C.B., Sr. was nice but argumentative when he drank alcohol.  A.B. also stated that he felt safe around C.B., Sr. when he was not drunk.  A.B. recalled an incident when he heard yelling coming from the garage.  He went to the garage and saw that mother's nose was bleeding.  A.B. was surprised to learn that C.B., Sr. had been drinking because C.B., Sr. had said he would stop drinking and would not hurt mother again.

4

On July 11, 2024, C.Y. reported that C.B., Sr. became aggressive when he drank alcohol. She heard mother and C.B., Sr. argue, yell, and curse at one another. J.Y., Jr. reported that C.B., Sr. was happy when he drank beer and had heard mother and C.B., Sr. argue and yell at each other.

Mother stated that on July 10, 2024, she was a passenger in a car driven by C.B., Sr., who had been drinking alcohol earlier in the day and had an open container of alcohol in the car. C.B., Jr., who was then 11-months old, was in the back seat of the car. Mother and C.B., Sr. argued and he punched her as he drove. When they got home, C.B., Sr. punched her in the stomach and kicked her in the legs. When the social worker asked mother why she permitted C.B., Sr. to drive under these circumstances, mother responded that she did not believe he was intoxicated. Mother suspected that C.B., Sr. used illegal substances but denied witnessing such use or seeing paraphernalia in the home. She also knew that C.B., Sr. previously struggled with substance abuse.

On July 31, 2024, C.B., Sr. disclosed that he previously used cocaine, last used cocaine six months earlier, and had quit using cocaine. He reported that he last used oxycodone two days prior. He claimed to have a prescription for the drug but stated that he finished the prescription. C.B., Sr. said that the only drug that he would test positive for was marijuana. C.B., Sr. admitted driving with an open container of alcohol in the car on July 10, 2024, and stated that he and mother had been drinking together earlier that day.

On July 31, 2024, paternal grandmother reported that mother and C.B., Sr. were "toxic" together and frequently argued. They often drank alcohol together, which would magnify the

problems between them. Both had reported abuse by the other to her.

C. *Jurisdiction and Disposition Orders*

On October 30, 2024, following a hearing, the juvenile court sustained the counts in the petition, ordered C.B., Jr. removed from C.B., Sr.'s custody, and ordered the three oldest children placed with their parents. Mother timely filed a notice of appeal.

## III. DISCUSSION

Mother contends substantial evidence did not support the juvenile court's jurisdictional order as to the domestic violence allegations in counts b-1 and j-1 because the domestic violence issue on which the court relied had been resolved by the time of the jurisdiction hearing. Mother challenges only the sustained b-1 and j-1 counts and not the sustained a-1 count that contained identical language or any of the other three sustained counts, b-2, b-3, and j-2.

"'When a dependency petition alleges multiple grounds for its assertion that a minor comes within the dependency court's jurisdiction, a reviewing court can affirm the juvenile court's finding of jurisdiction over the minor if any one of the statutory bases for jurisdiction that are enumerated in the petition is supported by substantial evidence. In such a case, the reviewing court need not consider whether any or all of the other alleged statutory grounds for jurisdiction are supported by the evidence.'" (*In re I.J.* (2013) 56 Cal.4th 766, 773; *In re D.P.* (2023) 14 Cal.5th 266, 283 ["the principle that '[d]ependency jurisdiction attaches

6

to a child, not to his or her parent' [citation], means that "'[a]s long as there is one unassailable jurisdictional finding, it is immaterial that another might be inappropriate'" [citation]".)

In her reply brief, mother concedes she did not challenge the a-1 count in her opening brief and implicitly concedes she also did not challenge the b-2, b-3, or j-2 counts. She then asserts we should nevertheless address whether sufficient evidence supports "all counts."

Substantial evidence supports count b-3. Mother admitted that she allowed C.B., Sr., who had been drinking, to drive a car in which 11-month-old C.B., Jr. was a passenger. She also admitted that C.B., Sr. drove with an open container of alcohol in the car. Finally, the record supported a finding that this was not an isolated incident of alcohol abuse as A.B., C.Y., and J.Y., Jr. all reported that C.B., Sr. became argumentative and aggressive when he drank and paternal grandmother also reported that C.B., Sr. argued with mother when he drank. Accordingly, we affirm the jurisdictional order without considering the merits of mother's challenge to specific counts.

## IV.  DISPOSITION

The juvenile court's jurisdictional order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM (D.), J.


We concur:


HOFFSTADT, P. J.


BAKER, J.